[No. 4084.]

## FORD v. SWEET ET AL.

TRIAL—*Failure of Proof.* Where the action is founded upon allegations of fraud which are controverted by defendant and the plaintiff entirely fails in his proofs, judgment for the defendant follows as of course. (566)

*Error to Denver District Court.* HON. H. P. BURKE, Judge.

MR. JOHN P. BROCKWAY for plaintiff in error.

MESSRS. PERSHING & TITSWORTH and MR. JOHN H. FRY for Wm. E. Sweet & Company.

HURLBUT, J., rendered the opinion of the court.

This action was instituted by plaintiff in error (plaintiff below), seeking thereby to annul certain contracts with Sweet & Company, one of the defendants, and to enjoin that company from securing, selling or attempting to sell water bonds of the town of Dolores, and from interfering with Ford's sale and negotiation thereof.

The pleadings are somewhat voluminous, but it is easy to ascertain therefrom that plaintiff's principal object in bringing the action was to prevent Sweet & Company from purchasing or obtaining possession of about $7,000 of the waterworks bonds of said town, which bonds were the last of a $45,000 issue. The action is entirely of an equitable nature, and no money judgment is asked for against any of the parties to the action, nor is any accounting prayed for. The prayer of the complaint is for equitable relief only.

The pleadings and proofs fairly show the following facts: That on or about August 12, 1911, plaintiff Ford and the defendant Sethman entered into a contract in writing with the town of Dolores, to construct and complete a water-works system, at the agreed price of $45,000, payment of same to be made with 6% water bonds of the city; that, afterwards and on or about December 6, 1912, said Sethman and Ford entered into a contract with one William Dempsey, by the

terms of which said Dempsey agreed to complete the water-works system, and to provide the necessary means to do so; that by the terms of such contract Dempsey was appointed the agent of Sethman and Ford, to complete the construction of the water-works system; that on July 17, 1912, defendant Sweet & Company wrote a letter to Sethman offering to purchase $17,500 of the said water-works bonds, which were dated August 15, 1911, at a price therein specified, also reciting that there was to be no liability on their part to pay for the last $5,000 of such bonds until after the water-works system should have been formally accepted by the town, by and through a proper resolution passed to that effect, which proposition was accepted in writing by Sethman; that on September 3, 1912, said Sweet & Company wrote another letter to said Sethman, offering to purchase $12,000 of such bonds, at a price therein stated, which letter contained a condition similar to the one incorporated in the letter of July 17th, above mentioned, this offer being also accepted by Sethman; that Ford well knew of Sweet & Company's offer to buy the bonds, and that Sethman had accepted the offer, and Ford gave his consent, although he denies that he knew or understood the terms as construed and understood by Sethman and Sweet & Company; and that, before this action was brought, Sweet & Company showed the letters of July 17th and September 3rd to plaintiff's attorney.

The foregoing statement of facts is sufficient for a fair understanding of the case as presented by the record. Ford attempts to avoid his consent to the sale of bonds to Sweet & Company under the terms of their letters, by charging them with fraud and collusion with Sethman to obtain the bonds at a less price than they were really worth, and that Sethman deceived him in regard to the amount which Sweet & Company were to pay for the bonds. It seems that *Sethman* did not show the two letters to Ford, but stated to him the fact of the sale and the substance of their contents. Ford also attempts to support the action by pleading and attempting to

show that Sethman was not loyal to him as a partner, and that he attempted to profit personally by the contract with Sweet & Company in the sale of the bonds, to the exclusion of his partner Ford. Sethman refused to be a party plaintiff, and was made a defendant under the practice sanctioned by the code. The trial court excluded (and properly we think) about all the evidence tendered by Ford. The latter failed wholly to prove any fraud whatever against Sweet & Company, and he equally failed to prove the fraud which he had pleaded against his partner Sethman. These issues of fraud were sharply defined, and are controlling in determining the controversy between the parties. The failure on the part of plaintiff to prove the fraud charge left him without ground for relief, and judgment for defendants would necessarily follow. At the close of plaintiff's testimony each of the defendants moved for a dismissal, which was granted. The record contains copies of many letters written by Ford or his attorney to Sweet & Company, the general purport of which was to obtain from them a written statement of all their dealings with Sethman, relative to their offers, and purchase of bonds, and copies of all correspondence between them and Sethman concerning the same; also a written statement as to what claims, if any, said Sweet & Company had against him, and wherein they claimed he was obligated to sell and deliver to them any of such bonds; and copies of all documents and book accounts affecting the transaction; all of which letters Sweet & Company ignored, except that they furnished copies of the two letters aforesaid, and offered to show certain of their books, or allow inspection thereof, claiming that they had their dealings with Sethman and were under no obligations to further comply with Ford's demands.

We might say at this time that if any doubt whatever exists as to Ford giving his consent to Sethman's acceptance of the offers of Sweet & Company, contained in their letters of July 17th and September 3rd, it is entirely dispelled by a

paragraph found in the Dempsey contract, which reads as follows:

"It is understood by and between the parties hereto that Sethman and Ford have made a binding contract with Sweet & Company of Denver, by which they are obligated to deliver to the said Sweet & Company the balance of the bonds to be received from the town of Dolores upon the said contract above mentioned."

This contract was signed by Dempsey, and by Sethman and Ford, individually. We entertain no doubt, upon consideration of the entire record, that the judgment rendered was right, and should not be disturbed.

There are some other questions raised in the assignments of error, but inasmuch as such assigned errors are based upon plaintiff's theory of the case, which is opposed to that entertained by this court, we see no good purpose to be accomplished by entering into a detailed discussion of such rulings.

We discover no error in the proceedings in the trial court, and the judgment will be affirmed.

*Judgment Affirmed*

Decided November 9, A. D. 1914. Rehearing denied December 14, A. D. 1914.